# IN THE MATTER OF THE BANKRUPTCY OF LUM MAN SUK, a voluntary bankrupt.

## DECIDED: SEPTEMBER 20th, 1901.

1. The provisions of Subdivision "f." of Section 67 of the Bankruptcy Act of 1898 apply equally to voluntary as well as to involuntary proceedings in bankruptcy.
2. Subdivisions "c." and "f." of Section 67 of the Bankruptcy Act are hopelessly in conflict, but the weight of authority and the better reasoning sustain Subdivision "f." where there is any question as

to which shall prevail in a proceeding relative to liens upon the property of a bankrupt obtained through legal proceedings within four months prior to the filing of a petition in bankruptcy.

3. On the hearing of an order of Court directed to the Sheriff of the Territory of Hawaii, upon application of the Trustee of the estate of a voluntary bankrupt, to show cause why he should not turn over to said Trustee a certain stock of merchandise in his possession belonging to the bankrupt, and levied upon and held by said Sheriff under an execution issued in pursuance of certain judgments rendered against the bankrupt by the District Court of the city of Honolulu, Territory of Hawaii, and in favor of a creditor of the said bankrupt, where it appeared that the said judgments were rendered on the third day of July, 1901, and the adjudication in bankruptcy was made on the 17th day of July, 1901; *Held*, that under the provisions of Subdivision "f." of Section 67 of the Bankruptcy Act of 1898, which controls in this proceeding, said judgments having been obtained "within four months prior to the filing of the petition in bankruptcy," are null and void; the execution thereunder ordered released, and the Sheriff directed to turn over the property in his possession to the Trustee of the Bankrupt's estate to be administered by said Trustee as a part of the assets of said estate.

In Bankruptcy.

Application of Trustee to recover property held by High Sheriff of Territory under execution issued upon judgments of Territorial Court, made prior to adjudication in bankruptcy.

*Wade Warren Thayer*, Trustee in *propria persona*.

A. *Wilder*, Attorney for High Sheriff of Territory, Arthur M. Brown.

ESTEE, J.   The hearing in this matter was had upon the petition of Wade Warren Thayer, Trustee of the above named bankrupt, praying this Court for an order to be issued to Arthur M. Brown as High Sheriff of the Territory of Hawaii, requiring him to show cause before this Court why he should not deliver up to said trustee, a certain stock of merchandise in his possession belonging to said bankrupt, situated in a store at 1037

Nuuanu street in Honolulu, and which the said High Sheriff held under and by virtue of an execution issued in pursuance of certain judgments rendered on the 3rd day of July, 1901, in the District Court of Honolulu, Territory of Hawaii, in favor of S. M. Grinbaum & Co., and against the said bankrupt, and a portion of which said stock of merchandise the said High Sheriff was about to sell at public auction.

The facts as shown on the hearing appear to be these:

On the 17th day of July, 1901, Lum Man Suk filed in this Court, in due and regular form, a petition praying to be adjudged a bankrupt, and thereafter, on the 18th day of July, 1901, an order was made by this Court declaring and adjudging the said petitioner a bankrupt.

It further appears, that prior thereto, to wit: on the 3rd day of July, the District Court of Honolulu, Island of Oahu, rendered four judgments against the said Lum Man Suk, doing business as the Chu Yip Company, in favor of M. S. Grinbaum & Co., Limited, and executions issued out of said District Court to Arthur M. Brown, the High Sheriff of Honolulu, under which he took possession of the stock of merchandise forming a part of the assets of said bankrupt, and was about to sell the same to satisfy said judgments when this order to show cause was issued.

The Trustee of the bankrupt claims possession of these goods under the provisions of Subdivision f of Section 67 of the Bankruptcy Act of 1898, the said executions being issued upon judgments rendered within four months prior to the filing of the petition in insolvency of the bankrupt and the order of adjudication of bankruptcy, while the High Sheriff claims that this is not a case falling under the provisions of Subdivision f of Section 67, but is controlled by the provisions of Subdivision c of said Section 67.

There is no dispute as to the fact that this judgment was obtained against the insolvent within four months prior to the filing of the petition in bankruptcy, and the adjudication thereon. The point raised by the counsel for the High Sheriff that

Subdivision f applies only to involuntary proceedings in bankruptcy is not a good one in view of the provisions of Subdivision 1 of Section 1 of the Bankruptcy Act, which provides that the words—

"A person against whom a petition has been filed shall include a person who has filed a voluntary petition."

*In re Blair*, 108 Fed Rep. 529; *In re Lesser et al.*, 108 Fed. Rep. 203; *In re Lesser*, 100 Fed Rep. 433; *In re Richards*, 96 Fed. Rep. 935. C. C. A.

There seems to be a difference of opinion between some of the United States Courts as to the construction to be given to Subdivisions c and f of Section 67, which subdivisions are hopelessly in conflict; but I am clearly of the opinion that not only the weight of authority but the better reasoning sustains Subdivision f where there is any question as to which shall prevail in a proceeding relative to liens upon the property of a bankrupt and obtained through legal proceedings within four months prior to the adjudication. This would seem to be in accordance with the well known rules of statutory construction.

As was said by the Circuit Court of Appeals in the case of *In re Richards*, 96 Fed. Rep. 935, 939:

"The two Subdivisions c and f of Section 67 of the Bankruptcy Act relating to the effect of an adjudication of bankruptcy upon existing liens upon the property of a bankrupt acquired through legal proceedings are irreconcilable and antagonistic; and therefore in any case of conflict between them the former must give way to the latter."

The Court further saying,—

"All liens obtained through legal proceedings against an insolvent debtor within four months prior to the filing of a petition in bankruptcy, by or against him, are annulled by his adjudication as a bankrupt irrespective of the question whether the debtor suffered or permitted the lien to be obtained, and irrespective of any knowledge by the creditor of the debtor's insolvency."

See also *St. Cyr v. Daignault*, 103 Fed. Rep. 854.

So too, in the very recent case of *In re Kenny*, decided by the Circuit Court of Appeals, 105 Fed. Rep. 897, where the Court in construing Section 67 f, uses the following language:

"There can be no doubt that it was the intention of Congress by this Section to prohibit creditors of the bankrupt from obtaining preferences over other creditors as the result of any legal proceedings against him during the period of four months prior to the filing of the petition; and apt words are used to express its intention. The property of the bankrupt is safeguarded against all such proceedings by the provisions that such of them as would ordinarily be liens against such bankrupt shall be deemed null and void and the property wholly discharged and released from the same."

It seems to me from the authorities quoted I am compelled to hold that Subdivision f controls in this proceeding, and the judgments under which the executions were issued and the property levied upon by the High Sheriff, Brown, having been obtained within "four months prior to the filing of the petition in bankruptcy," are null and void; that such executions should be released at once and the property turned over to the trustee of the bankrupt as part of the assets of his estate to be administered upon by the said trustee for the benefit of the creditors of the said bankrupt under the provisions of the Bankruptcy Act. It is so ordered.

Note: See *In Matter of Estate of S. W. Lederer. Infra P.—*